**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) | |
| | ) | Case No. 1:24-CR-00220-1 |
| | ) | |
| v. | ) | Hon. Mary M. Rowland |
| | ) | |
| PARTH NAYI,<br>Defendant. | ) | |
| | ) | |

**DEFENDANT PARTH NAYI SENTENCING MEMORANDUM**

Defendant, PARTH NAYI, by and through his attorney, George M. Gomez of George M. Gomez & Associates, respectfully submits this Sentencing Memorandum and Position Paper as to Sentencing Factors pursuant to Local Criminal Rule 32.1(g). For the reasons set forth below, Mr. Nayi respectfully requests that the Court impose a sentence of time served, or a sentence of probation with such conditions as the Court deems appropriate—a sentence that is sufficient, but not greater than necessary, to satisfy the purposes of *18 U.S.C. § 3553(a)*.

## I. INTRODUCTION

On January 14, 2026, Mr. Nayi pleaded guilty, pursuant to a written plea agreement, to Count One of the indictment, charging conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (PSR ¶ 2.) He is a twenty-eight-year-old man with no prior criminal record whatsoever. He was arrested and detained on May 9, 2024, and remained in federal custody until his release on bond on March 21, 2025—approximately ten months of pretrial detention—after which he complied with every condition of release and appeared at every court date.

The Presentence Investigation Report ("PSR") calculates a total offense level of 10 and a criminal history category of I, yielding an advisory guidelines range of six to twelve months—a

Zone B range in which the Guidelines themselves authorize a sentence of probation with conditions. (PSR ¶¶ 29, 92.) Notwithstanding that range, the Probation Officer recommends an above-Guidelines sentence of twenty months' imprisonment.

Mr. Nayi does not contest the advisory Guidelines calculation set out in the PSR—total offense level 10, criminal history category I, yielding a range of six to twelve months. He opposes the Probation Officer's recommendation of an above-Guidelines sentence of twenty months and submits that the § 3553(a) factors—his cooperation with the Government, his limited role relative to those who organized and profited most from the scheme, the roughly ten months he has already served, and the need to avoid unwarranted disparities with his co-defendants and the national norm—call for a sentence of time served or probation.

## II. SENTENCING CONSIDERATIONS PURSUANT TO SECTION 3553(a)

The Guidelines are "effectively advisory." *United States v. Booker*, 543 U.S. 220, 245 (2005). After calculating the range, the Court must make "an individualized assessment based on the facts presented" and impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of *18 U.S.C. § 3553(a)(2)*. *Gall v. United States*, 552 U.S. 38, 50 (2007); *18 U.S.C. § 3553(a)*. The Court is free to conclude that the Guidelines yield a sentence greater than necessary in a particular case, *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), and "Section 3553(a)(3) directs the judge to consider sentences other than imprisonment." *Gall*, 552 U.S. at 59.

In assessing the defendant's history and characteristics, "no limitation shall be placed on the information concerning the background, character, and conduct" of the defendant that the Court may consider. *18 U.S.C. § 3661*; see *Pepper v. United States*, 562 U.S. 476, 487–88 (2011). At the same time, the Court "may not impose or lengthen a prison sentence" to promote rehabilitation.

*Tapia v. United States*, 564 U.S. 319, 335 (2011). Measured against these standards, a sentence of time served or probation is sufficient here.

## III. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

Conspiring to misuse the immigration laws is a serious offense, and Mr. Nayi does not minimize it. The U-Visa program exists to protect genuine victims of crime, and a scheme that exploits that program undermines it. Mr. Nayi accepts responsibility for his part in that conduct.

The seriousness of the offense must, however, be assessed in context. The offense was non-violent. The "robberies" were staged events; there were no true robbery victims and no violence inflicted on unwilling persons. (PSR ¶¶ 14, 249.) The individuals who paid to participate did so willingly to obtain immigration benefits for themselves. Mr. Nayi did not prepare or submit the fraudulent immigration paperwork. (PSR ¶ 24.) The real harm here was to the integrity of a government program—and the felony conviction, and the immigration consequences that conviction carries are a serious response to it.

The Probation Officer's principal reason for recommending a sentence above the range is the sheer volume of staged robberies attributed to Mr. Nayi. But the Sentencing Commission built *USSG § 2L2.2* so that the offense level does not rise with the number of documents or applications, as the Probation Officer acknowledges. (PSR ¶ 17 ("the guidelines do not consider how many ruse robberies occurred").) The advisory range already reflects the Commission's judgment about this offense and this offender — including the four-level role enhancement — and an above-Guidelines sentence keyed to volume merely substitutes a different policy preference for the Commission's. The volume, in any event, reflects the number of willing participants who paid to take part, not a count of victims Mr. Nayi harmed; there were none. And however many events there were, his personal role never extended to defrauding the government.

## IV. PERSONAL HISTORY AND CHARACTERISTICS

Mr. Nayi is twenty-eight years old and has no criminal history whatsoever; his criminal history score is zero and he stands in Category I, with only minor, non-countable traffic citations. (PSR ¶¶ 35–36, 57.) He immigrated to the United States from India with his parents as a teenager and lives with, and remains close to, his parents and older sister. (PSR ¶¶ 42–43, 47, 53.) His formal education was limited—he did not attend high school in the United States—and he has supported himself through steady, low-wage work. (PSR ¶ 47.) He is currently employed full-time as a cashier, earning $15.00 per hour, and his employer is aware of this case. (PSR ¶ 76.)

Two further points matter here. First, Mr. Nayi has acknowledged a history of problem gambling. (PSR ¶ 63.) That is a genuine rehabilitative need that conditions of supervision can address. Second, and significantly, since his release on bond Mr. Nayi has complied with every term of pretrial release and appeared at every court date. (PSR, Release Status; Sentencing Recommendation.)

Finally, as a noncitizen, Mr. Nayi is deportable as a result of this conviction (PSR ¶ 96) and faces serious and lasting immigration consequences—a collateral burden the Court may weigh under § 3553(a).

## V. COOPERATION AND ASSISTANCE

Mr. Nayi did not merely accept responsibility for his own conduct; he provided affirmative assistance to the Government. He met with the prosecution and federal agents in preparation for trial and provided information concerning the scheme and its participants. Most significantly, Mr. Nayi appeared and testified for the Government at the jury trial of his co-defendant Rajnikumar Patel, before this Court. Trial commenced on July 27, 2026; Mr. Nayi testified on July 28 and 29,

2026. Testifying against a co-defendant carries real personal risk, and it is acceptance of responsibility in the most concrete form.

The Court may and should weigh Mr. Nayi's cooperation as part of his history and characteristics under 18 U.S.C. § 3553(a). His willingness to testify under oath against a co-defendant shows real acceptance of responsibility and a low risk of re-offending.

## VI. SERIOUSNESS, JUST PUNISHMENT, DETERRENCE, AND PROTECTION OF THE PUBLIC

A sentence of time served or probation does not depreciate the seriousness of this offense. Mr. Nayi has already served approximately ten months in federal pretrial detention. (PSR, Release Status.) He has been arrested, indicted, and convicted of a federal felony, and he will carry that conviction, and its immigration consequences, for the rest of his life. The combination of ten months' incarceration already served, a felony conviction, the loss of his unlawful gains, and the immigration consequences of that conviction reflect the seriousness of the offense and provides just punishment, while promoting rather than undermining respect for the law.

General deterrence is served by the very facts of this prosecution: the scheme has been dismantled, its participants convicted, and Mr. Nayi's co-defendants sentenced. For a first-time offender who has already served ten months and faces a felony conviction, the marginal deterrent value of further incarceration is minimal.

Mr. Nayi presents a low risk of recidivism. He is a first offender in Criminal History Category I, he is of an age at which recidivism declines, and his identified rehabilitative needs can be addressed through conditions of supervision.

## VII. CONCLUSION

For the foregoing reasons, Mr. Nayi respectfully requests that the Court: (1) impose a sentence of time served—Mr. Nayi having already served approximately ten months in pretrial custody—or a sentence of probation with such conditions as the Court deems appropriate; and (2) if any additional period of incarceration is imposed, permit voluntary surrender. Such a sentence is sufficient, but not greater than necessary, to satisfy the purposes of 18 U.S.C. § 3553(a).

Respectfully submitted,

**/s/ George M. Gomez**
George M. Gomez
GEORGE M. GOMEZ & ASSOCIATES
Attorney for Defendant
1585 N. Milwaukee Ave., Suite 111
Libertyville, IL 60048
(224) 433-6331
ggomez0723@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with Federal Rules of Criminal Procedure 49 and 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF), the above document was served pursuant to the District Court's ECF system as to ECF system on August 1, 2026

**/s/ George M. Gomez**

George M. Gomez
GEORGE M. GOMEZ & ASSOCIATES
Attorney for Defendant
1585 N. Milwaukee Ave., Suite 111
Libertyville, IL 60048
(224) 433-6331
ggomez0723@gmail.com