UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PARTH NAYI | No. 24 CR 220-1<br><br>Hon. Mary M. Rowland |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Over the course of almost two years between July 2022 and May 2024, defendant Parth Nayi, by his own admission, organized a U Visa fraud conspiracy whereby thousands of foreign nationals posed as fake victims in hundreds of staged robberies at gas stations, convenience stores, and restaurant chains across the country. Defendant admitted that for each fake victim he personally brought into the conspiracy, he charged anywhere from approximately $5,000 up to $30,000 in cash. On the conservative end, defendant's fraud gained him at least two million dollars in cash. It likely costs much more in public resources spent responding to each fake 911 call generated by these staged robberies.

The extent of defendant's fraud, the waves of waste associated with it, and the danger it created to the public demonstrate the need for his sentence to promote respect for the law and serve as specific and general deterrence. Accordingly, the government respectfully requests the Court impose a Guidelines-range sentence of 12 months' imprisonment and a fine of $250,000.

The government recommends as such, in part, based on defendant's truthful cooperation with the government's investigation and defendant's testimony during the trial of co-defendant Rajnikumar Patel.

## I. Preliminary Advisory Sentencing Guidelines Calculation

The government agrees with the offense level calculations set forth in the Presentence Investigation Report (PSR) and Sentencing Recommendation submitted by the United States Probation Office ("Probation"). Defendant's total offense level is 10, which includes a two-point deduction for acceptance of responsibility pursuant to Guideline § 3E1.1(a). PSR ¶¶ 26, 28. The government also agrees that defendant has no criminal history points and is therefore a criminal history category I. PSR ¶ 35.

Based on an offense level of 10, and a criminal history category of I, defendant's Guidelines range is 6 to 12 months' imprisonment, or, because he is a Zone B offender, a term of modified probation pursuant to Guideline § 5C1.1(c) and (e). PSR ¶ 92.

## II. Sentencing Recommendation

### A. 3553(a) Factors

Based on the nature and circumstances of the offense, specifically the breadth of defendant's conspiracy, defendant's sentence must reflect a need to uphold respect for the rule of law, and specifically deter defendant and others from engaging in this type of fraud. The highest possible Guideline-range sentence combined with a fine at the statutory maximum accomplishes those goals. Unlike his co-defendant's and co-

conspirators, some of whom played one role and others who participated in a single staged robbery, defendant was the main organizer and at the center of almost every single one of the hundreds of staged robberies that were perpetrated. Defendant worked with other co-organizers to recruits fake victims, paid off store owners to use their location for the staged robberies, recruited and coordinated with fake robbers like co-defendant Kewon Young, coached the fake victims through the plan, and facilitated the submission of their false U Visa applications afterward. As he stated, in summary, during his testimony at the trial of co-defendant Rajnikumar Patel, there was a period during which defendant was organizing and executing staged robberies multiple days in a row per week. In the process, defendant significantly corrupted the federal U Visa program, designed to provide a benefit to a particularly vulnerable group, foreign nationals who are victims of serious crimes while visiting the United States.[1] For his services, defendant received millions of dollars in cash from the fake victims.

A 12-month sentence of imprisonment and the maximum fine authorized by law is needed to promote respect for the law, and deter defendant or anyone else tempted to engage in such a fraud from doing so.

[1] United States Citizenship and Immigration Services Officer Elizabeth Bokan testified during the trial of co-defendant Rajnikumar Patel that the U Visa program has a capacity of 10,000 admissions per year. During the period of the charged conspiracy, therefore, a substantial percentage of U Visa applicants where the fake victims who participated in the instant U Visa fraud conspiracy defendant orchestrated.

## III. Supervised Release Conditions

The government requests that the Court impose a two-year term of supervised release, which is within the Guidelines range and recommended by Probation. Rec. at 1.

### A. Mandatory Conditions

The government respectfully requests that defendant be required to comply with the following mandatory conditions set forth in 18 U.S.C. § 3583(d) and Guideline § 5D1.3(a):

(1) Defendant shall not commit another federal, state, or local offense.

(3) Defendant shall not unlawfully possess a controlled substance.

(6) Defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

(7) Refrain from any unlawful use of a controlled substance and submit to drug testing as directed by Probation.

The government recommends these conditions to provide adequate deterrence to criminal conduct, and protect the public from further crimes of defendant. In addition, these conditions enhance the ability of the Probation Officer to target interventions with the goal of reducing defendant's risk of re-offending.

### B. Discretionary Conditions

The government requests that defendant be required to comply with the following discretionary conditions permitted by 18 U.S.C. § 3583(d) and Guideline § 5D1.3(c) and (d), in order to facilitate supervision by the Probation Officer, support

defendant's rehabilitation and reintegration into the community, and promote deterrence and protect the public, and because they are otherwise appropriate in this case:

(4) Defendant shall seek, and work conscientiously, at lawful employment or pursue conscientiously a course of study or vocational training that will equip the defendant for employment.

(6) Defendant shall refrain from knowingly meeting or communicating with any person whom defendant knows to be engaged, or planning to be engaged, in criminal activity.

(7) Defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%), or any use of a narcotic drug or other controlled substance, without a prescription by a licensed medical practitioner.

(8) Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

(14) Defendant shall remain within the jurisdiction where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

(15) Defendant shall report to the probation office as directed by the court or a probation officer.

(16) Defendant shall permit the probation officer to visit the defendant at any reasonable time or at home, work, or other reasonable location and to confiscate any contraband in plain view of the officer.

(17) Defendant shall notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. Defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

(18) Defendant shall notify a probation officer promptly, within 72 hours, if arrested, charged with a crime, or questioned by a law enforcement officer.

(21) Defendant shall surrender to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability or removal by the appropriate authority in accordance with federal law. If ordered deported or removed, you must not remain in or enter the United States without obtaining, in advance, the express written consent of the United States Attorney General or the United States Secretary of the Department of Homeland Security.

**C. Special Conditions**

In light of the continuing need to protect the public and to ensure that the probation officer can satisfy his or her duty to remain informed about the defendant, as well as to support defendant's rehabilitation and reintegration into the community, the government concurs with the PSR's recommendations that the Court impose the following special conditions of supervision pursuant to 18 U.S.C. § 3563(b)(22) and § 3583(d):

(3) Defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the probation office until gainfully employed.

(11) Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

## IV. CONCLUSION

For the reasons stated, the government respectfully requests that this Court impose a Guidelines sentence of 12 months' imprisonment and a fine of $250,000.

Respectfully Submitted,

ANDREW S. BOUTROS
UNITED STATES ATTORNEY

By: /s/ *Saqib Mohammad Hussain*
SAQIB MOHAMMAD HUSSAIN
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-1414
saqib.hussain@usdoj.gov

Dated: October 7, 2026